AE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 CR 200 |
| | ) |
| TROY LAWRENCE, *et al.*, | ) Wayne R. Andersen |
| | ) District Judge |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendants Andre Seymour, Kent Clark, Andre Lawrence and Nyroby Seymour for sentencing under 21 U.S.C. 841(b)(1)(C). For the following reasons, the motion is denied.

## BACKGROUND

Defendants were charged under 21 U.S.C. 841(b)(1) with participation in a narcotics conspiracy. 21 U.S.C. 841(b)(1) contains 3 separate penalty provisions: Subsection (A) governs distribution of more than 50 grams of cocaine base; Subsection (B) governs distribution of between 5 and 50 grams of cocaine base; and Subsection (C) governs distribution of less than 5 grams of cocaine base.

Defendants were found guilty of narcotics conspiracy by a jury. The jury specifically found that the conspiracy as a whole involved more than 50 grams of cocaine base. However, there were no jury findings of any amount of drugs reasonably forseeable to any specific Defendant. Absent such a finding, Defendants claim that they should be sentenced under Subsection C, because jury findings required for Subsections A and B were not made. Under

Subsection C, there is no statutory minimum and the applicable maximum is 20 years or 30 years if properly enhanced under § 851.

## DISCUSSION

### I. Mandatory Statutory Minimum Penalties

Defendants first argue that the jury should have found drug amounts for each specific Defendant and, therefore, determined the Defendants' mandatory minimum sentences. Defendants maintain that the Court is precluded from calculating drug amounts for purposes of determining each Defendant's mandatory minimum sentence. The Supreme Court, however, has held that a judge may find, by a preponderance of the evidence, factors that increase a defendant's statutory mandatory minimum sentence, as long as it does not exceed the statutory maximum penalty. *McMillan v. Pennsylvania*, 477 U.S. 79 (1986). More recently in *Harris v. United States*, 536 U.S. 545 (2002), the Supreme Court considered whether *McMillan* was still good law and concluded that it was. In *Harris*, the Supreme Court examined whether the facts supporting a statutory mandatory minimum sentence in 18 U.S.C. § 924(c) must be alleged in the indictment and found by a jury beyond a reasonable doubt. The Court concluded that they did not. In so holding, the Court relied on the distinction between a fact that authorizes a maximum penalty, which would have been considered an element of an aggravated crime by the Framers, and facts that support a mandatory minimum penalty, which merely reduces the sentencing judge's discretion and does not interfere with the historical role of the jury. *Id.* at 557, 563-64. Therefore, the Court reaffirmed the holding of *McMillan* that the task of finding facts supporting a mandatory minimum sentence are within the purview of the sentencing judge.

Neither the Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), or in *United States v. Booker*, 125 S.Ct. 738 (2005), addressed statutory mandatory minimum penalties, nor did they purport to implicitly or explicitly overrule *Harris* and its progeny. Therefore, consistent with prior on-point Supreme Court and Seventh Circuit precedent, at sentencing, this Court must determine the amount of drugs reasonably foreseeable to each defendant and, after considering the now-advisory Sentencing Guidelines, impose a sentence that is equal to or higher than the corresponding mandatory minimum sentence prescribed in 21 U.S.C.§ 841(b).

II. Statutory Maximum Penalties

With respect to the applicable statutory maximum penalty, Defendants ask this Court to hold that the jury needed to make defendant-specific findings of drug amounts in order to apply either of the enhanced statutory maximum penalties in 21 U.S.C. § 841(b). This proposition flies in the face of the case law, beginning with the Supreme Court's decision in *Edwards v. United States*, 523 U.S. 511(1998), and continuing with every decision of a court of appeals to have interpreted *Edwards*.

In *Edwards*, the jury was instructed that it could convict a defendant in a joint powder cocaine/crack conspiracy if it found that the government had proven a particular defendant joined a conspiracy that involved either powder or crack. After conviction, the district court sentenced the defendants based upon the crack and powder cocaine for which it found each defendant responsible. The defendants argued on appeal that because the jury in that case returned a general verdict, the judge was constrained in the Sentencing Guidelines determinations and the sentences could be based on only powder cocaine. The Seventh Circuit disagreed, holding that the district

3

court was correct in determining the drug amounts for both crack and powder cocaine at sentencing by a preponderance of the evidence, and the Supreme Court affirmed. The Supreme Court reasoned that as long as the sentence imposed was within the maximum penalty associated with the facts found by the jury as to the conspiracy as a whole, there was no error. *Id.* at 515.

Every Court of Appeals that has interpreted *Edwards* in light of *Apprendi* has held that, in order for the enhanced maximum penalties found in subparagraphs (A) and (B) of 841 (b)(1) to apply, the jury need not make defendant-specific findings, but rather need only find the amount and type of drugs that were involved in the conspiracy charged - exactly what was done in this case. *See, e.g., United States v. Mercado Irizariy*, 404 F.3d 497, 504 (1st Cir. 2005)"); *United States v. Phillips*, 349 Fad 138, 141-43(3rd Cir. 2003); *United States v. Knight*, 342 F.3d 697, 710 (7th Cir. 2003) ("We agree with the First Circuit that *Apprendi* did not overrule *Edwards* and that its holding does not require defendant-specific findings of drug type and quantity in drug-conspiracy cases."); *United States v. Turner*, 319 F.3d 716,722-723 (5th Cir. 2003).

Neither the Supreme Court's decision in *Blakely* or *Booker* addressed the requisite findings for the imposition of statutory maximum penalties in a drug conspiracy case, and they neither implicitly nor explicitly overruled *Edwards* and its progeny. Therefore, because the jury in this case found that the conspiracy involved more than 50 grams of cocaine base, each Defendant convicted in this case faces the maximum penalty of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).

## CONCLUSION

The Supreme Court's decisions in *Blakely* and *Booker* did not change the legal landscape for the determination of maximum and mandatory minimum sentences under the federal drug

laws. The moving defendants each were convicted of Count One (the conspiracy) and the jury found that the conspiracy involved more than 50 grams of cocaine base. Therefore, each faces the penalties delineated in 21 U.S.C. § 841(b)(1)(A) - a maximum penalty of life imprisonment and a mandatory minimum sentence of twenty years' imprisonment (due to their prior convictions).

For the foregoing reasons, we deny the motion of Defendants Andre Seymour, Kent Clark, Andre Lawrence and Nyroby Seymour for sentencing under 21 U.S.C. § 841(b)(1)(C).

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: September 8, 2005