UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 02 CR 200-6 |
| | ) |
| ANDRE SEYMOUR | ) Judge Rebecca R. Pallmeyer |

## ORDER

Defendant Andre Seymour was found guilty of conspiracy to distribute and possess with the intent to distribute controlled substances, including crack cocaine. He now seeks a reduction in his 324-month sentence pursuant to Amendment 782. In affirming his conviction and sentence, the Seventh Circuit described Mr. Seymour's involvement in drug trafficking as follows:

> Andre Seymour worked as a shift supervisor for the [drug trafficking] Organization for approximately two years at the Claude Court drug sales location. During his tenure, he received drugs and handled drug proceeds, bagged crack at the stash houses, participated in Organizational beating to enforce discipline, attended Organization meetings, and obtained a gun for the Organization.

*United States v. Seymour*, 519 F.3d 700, 707-08 (7th Cir. 2008). As described in the Seventh Circuit's opinion, the conspiracy in which Mr. Seymour was involved sold an enormous amount of crack cocaine. The jury found the amount of controlled substances involved more than 50 grams of cocaine base and more than 500 grams of cocaine, but less than five kilograms. Then-Judge Wayne Andersen of this court found Mr. Seymour himself responsible for 1.5 kilograms of crack cocaine, the amount then necessary to trigger a base offense level of 38. With enhancements for the location of the sales, and the use of weapons, Judge Andersen calculated Seymour's sentencing guideline range at 360 months to life. He imposed a below-guidelines sentence of 324 months.

Mr. Seymour has moved for a reduction in his sentence on two previous occasions. His first motion, filed on November 13, 2008 [1272, 1283] invoked Guideline Amendment 704,

which raised the drug quantity thresholds for base offense levels in crack cocaine cases. Judge Andersen, who presided over the trial, denied that motion, observing that there is "overwhelming evidence in this record that the amount of crack cocaine reasonably foreseeable" to Mr. Seymour exceeded 4.5 kilograms, meaning that the base offense level of 38 still applies [1315].

Another Guideline Amendment, Amendment 750, prompted Mr. Seymour's second motion for a sentence reduction [1551]. That amendment, too, raised the drug quantity thresholds in crack cocaine cases. This court denied that motion, essentially concluding that the evidence before Judge Andersen, and referred to by the Court of Appeals, supported the conclusion that he was responsible not just for 4.5 kilograms, but for at least 8.4 kilograms of crack cocaine—meaning that the base offense level of 38 still applied [1637].

This third motion rests on yet another Guideline Amendment. Amendment 782 again raises the drug quantity thresholds. The government urges that the court should again deny any sentencing adjustment because the evidence is sufficient to establish Mr. Seymour's responsibility for the much higher quantity of crack cocaine that now triggers a base offense level of 38: 25.2 kilograms or more [1813]. And if the court were to stand by its 2011 determination that the evidence is sufficient to support a drug quantity of 8.4 kilograms, the base offense level would be 36. The adjusted offense level (40) would still generate a guideline range of 360 months to life, and because the 324-month sentence Mr. Seymour is serving falls below that range, he is not eligible for relief.

The government is correct that a drug quantity finding of 8.4 kilograms would require that this motion be denied. In more recent circumstances, however, this court has been reluctant to make findings that depart significantly from those made by the original sentencing judge, even where such findings appear amply supported by the evidence. In 2007 and 2008, when greater specificity about amounts made no difference to the ultimate sentence, defendant and defense counsel would have had no real incentive to litigate the issue, or challenge the government's assertions. To make new findings now, without a hearing, could present due process concerns.

The court thus concludes that the appropriate course in most circumstances is to adopt the findings made by the judge who heard the evidence—in this case, Judge Andersen, who ultimately tagged Mr. Seymour for 4.5 kilograms, but not as much as 8.2.

The new base offense level applicable to Mr. Seymour is 34. With enhancements, the adjusted offense level is 38, and his criminal history category is III, generating a guideline range of 292 to 365 months. Counsel reports that Mr. Seymour has demonstrated good conduct in prison, has earned his GED, has taken numerous courses, and receives outstanding work evaluations. He has had no disciplinary incidents in 14 years of incarceration. Family members stand by him and have written heartfelt letters to the court on his behalf. The court concludes that a sentence of 292 months is sufficient, but not greater than necessary.

## CONCLUSION

The motion for sentence reduction [1800] is granted, as is counsel's motion to supplement his memorandum [1831]. Mr. Seymour's sentence is reduced to 292 months.

ENTER:

Dated: August 18, 2016

REBECCA R. PALLMEYER
United States District Judge